## Miller and Underhill *against* Vaughan.

*Evertson*, in behalf of the plaintiffs, moved to set aside the report of referees, on affidavits. He was proceeding, when it appeared, in answer to an inquiry made by the court, that the cause had been referred by consent of the parties, and without any rule of court.

*Per curiam.* Where a cause is referred by consent, the court will not listen to an application to set aside the report. We interpose only where the cause has been referred by a rule of court, pursuant to the statute. The parties are left to the same remedy, as in the case of a mere submission to arbitrators. The court have no controul over referees, voluntarily chosen by the parties. It is also admitted that this was not a proper case for a reference under the act. It was decided in *November* term last, that the court would not interfere in such a case.

Motion denied.

Where referees in a case are chosen by the parties without any rule of court; the court will not listen to an application to set aside the report.

## Anonymous.

IN the liquidation of a partial loss on the cargo, in an action on a policy of insurance, a question was raised for the consideration of the court whether *interest* was allowable on the account.

*Per curiam.* The general rule is, that interest is not to be recoverd on unliquidated damages, or for an uncertain demand. Jurors have, in many cases, a discretion to allow interest, by way of damages, according to the circumstances of the case ;—and this is a case in which that discretion may be exercised.

The jury have a discretion to allow interest on the amount of a partial loss on a policy of insurance, if under all circumstances, they think it proper. Interest is not recoverable for unliquidated damages or on uncertain demands.