EASTERN DIS. but in our opinion does not preponderate so much in favor
*December, 1832.* of their pretentions to a greater sum than was awarded by
COOTE    the jury, as to authorise a reversal of the judgment of the
*vs.*    court below.
COTTON.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.

## COOTE *vs.* COTTON.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The word servant in the Civil Code, Article 3499, *is restricted to menial* servants.

An action for the wages of a person employed in selling and superintending slaves, is barred by the lapse of three years.

Although the case be tried by the jury on an erroneous charge from the court, it will not be remanded, if it can be terminated in the appellate court without depriving either party of any advantage resulting from the verdict of the jury, and if relief can be given as to the error resulting from the charge.

This was an action to recover from the defendant the value of services rendered by the plaintiff in collecting, selling and superintending slaves, to which the defendant opposed the prescription of one or three years.

On the trial of the cause the defendant's counsel prayed the court to charge the jury that the plaintiff's claim was prescribed by the lapse of one year, according to *Art.* 3499, *of the Civil Code.* But if not, that so much of it as did not arise within three years previous to the institution of the suit, was prescribed according to *Article* 3503, *of the Civil Code,* which charge the court refused to give; but did charge the

jury that the claim was prescribed only by ten years. The jury returned a verdict in conformity to this charge, and judgment being rendered thereon, the defendant appealed.

*Strawbridge,* for appellant, made the following points :

1. There was error in the admission and rejection of testimony as by bills of exception.

2. There was error in the verdict and a new trial should have been granted.

3. There was 'error in the charge of the judge. The causes which interrupt or suspend prescription are enumerated by the *La. Code, Art.* 3482, 3487; beyond these, the law has not distinguished, and the court cannot. Moreover, in the case of *Judice's heirs* vs. *Brent,* 6 *N. S.* 228, the plea of prescription was supported against a claim for continuous services. On the other questions of prescription, the case of *Nichols* vs. *Hanse et al.,* reported in 8 *N. S.* 492 and 2 *La Rep.* 382, and that of *Tietjen* vs. *Penniman,* 1 *La. Rep.* 268, are referred to as showing this falls within the prescription of one year.

*Schmidt,* contra.

1. There is no error in the judgment of the District Court, except the setting aside the order of bail. He therefore prayed that judgment be confirmed as to all the rest, and amended as to the bail.

2. There are no other prescriptions than those established by the Civil Code, *Art.* 3433.

3. The plaintiff is not in the predicament of any of the individuals enumerated in *Art.* 3499.

4. Nor does he fall under *Art.* 3503.

5. Whence it follows, that his claim is barred only by the provision of *Art.* 3508.

6. Should he be regarded as an overseer, the continuance of his services would preclude the plea of prescription, *Vide Art.* 3500, which, by expressly declaring that in the cases there enumerated, prescription takes place though the service, &c. were continued, admits the general principle, that

such continuance interrupts prescription, and that the cases there enumerated form an exception to the general rule.

7. The cases referred to by the counsel of appellant, have no analogy to the present case.

8. The appellee moreover relies, on the acknowledgement made by Cotton, and his promise to give plaintiff whatever money he might want.   *Vide Art.* 3486.

Martin, J. delivered the opinion of the court.

The defendant and appellant has built his hopes of the revisal of the judgment, and having the case remanded for a new trial on a bill of exceptions which he took to the opinion of the court, who declined to instruct the jury that the action was barred by the lapse of one or three years, and charged that the prescription of ten years was alone applicable thereto.

The plaintiff claimed compensation for services rendered to the defendant, during nine years in buying and selling slaves, and in collecting and superintending others purchased by the defendant.

The evidence shows that the plaintiff was employed chiefly in collecting and superintending slaves, bought by the defendant or his agents, for whom it appears he purchased a few and sold some; that the defendant supplied him with sums of money to buy slaves, and other sums to carry to his other agents.

It is contended on the part of the plaintiff, that his services were those of an agent, which are barred by the prescription of thirty years under the former, and of ten years under the present code, while the defendant contends they were those of a *servant, a laborer* or *workman,* which are barred by the prescription of one year, or at most those of a clerk, which are barred by that of three years.   *Civil Code,* 3499 and 3503.

The defendant, to support his pretensions, has urged that the evidence shows that the plaintiff, before he came to his service was in the humble situation of a boatman, a sawyer and a weaver, and the plaintiff has shown that afterwards

EASTERN DIS.
*December*, 1832.

COOTE
*vs.*
COTTON.

he dressed so genteel, and lived in such a style that he was thought to be the defendant's partner.

We think the District Court correctly refused to charge that the action was prescribed by the lapse of one year.— The plaintiff was neither a workman nor a laborer, and the word *servant* in the *Civil Code*, 3499, is in our opinion to be restricted to *menial* servants.

The word servant in Civil Code Art. 3499, is restricted to *menial* servants.

But we think the judge erred on refusing to charge that the action was prescribed by three years, as the plaintiff is, in our judgment, to be considered as the defendant's clerk.

An action for the wages of a person employed in selling and superintending slaves, is barred by the lapse of three years.

But the plaintiff has urged that in this view of the case, the continuity of his services presents an obstacle to the application of prescription; because the affirmative proposition in the cases of workmen, laborers and servants, that as to them the continuity of the services forms an obstacle to the prescription, is pregnant with the negative; that in other cases it does not.

This point was otherwise determined in the case of *Judice's heirs* vs. *Brent.* 6 *Martin, N. S.* 228.

An attorney claimed compensation for services during five years, at one hundred dollars a year, on a special contract; prescription was pleaded and this court held that on the *two* first years the action was barred.

Although the case was tried by a jury on an erroneous charge from the court, we think justice does not require the case should be remanded for a new trial; because we may terminate it here, without depriving either party of any advantage resulting from the finding of the jury, and give the dendant relief as to the error in which the mistake of the inferior court led them.

Although the case be tried by the jury on an erroneous charge from the court, it will not be remanded, if it can be terminated in the appellate court without depriving either party of any advantage resulting from the verdict of the jury, and if relief can be given as to the error resulting from the charge.

Compensation for nine years services was claimed; the judge ought to have told the jury that the claim for the first six years services was barred. Had this been done, the verdict would have been for three years services instead of nine, *i. e.* their verdict should have been for one-third of the sum allowed.

For this one-third the plaintiff is entitled to our judgment.

It is, therefore, ordered, adjudged and decreed, that the

Eastern Dis.
December 1832.

M'CARTY
vs.
STEAM COTTON
PRESS COMPA-
NY ET AL.

judgment of the District Court be annulled, avoided and reversed, and that the plaintiff recover from the defendant the sum of six hundred and forty-seven dollars, with costs in the District Court; that the plaintiff and appellee pay costs in this court.