WESTERN DIST.
*September*, 1836.

SARGENT'S HEIRS
*vs.*
KNOX.

---

SARGENT'S HEIRS *vs.* KNOX.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

The prescription of one year, as provided in article 3499 of the Louisiana Code, is not applicable to claims for work done by the job.

This is an action for work done by the job, and at different times, by the ancestor of the plaintiffs, who was a brick mason and brick maker for the defendant. The services are alleged to have been rendered between the 1st of February, 1830, and the 30th of November following. The sum claimed is four hundred and forty-three dollars and fifty-five cents, according to a detailed account annexed.

WESTERN DIST.     The defendant pleaded a general denial; that if the plain-
*September*, 1836. tiffs ever had any claim against him, it has been extinguished
COX          by compensation.   He then annexed a detailed account of
*vs.*
REES ET AL.  payments and articles furnished, and prays that the plaintiffs'
demand be rejected, with costs.   He also pleaded the pre-
scription of one year, &c.

The District Judge gave judgment in favor of the plaintiff
for part of the sum claimed.   The defendant appealed.

*Garland,* for plaintiff.

*Lewis, contra.*

*Bullard, J.,* delivered the opinion of the court.

The prescrip-     This case cannot be distinguished from the one against
tion of one year,
as provided in the same defendant just decided.   The same plea is relied on
article 3499 of under similar circumstances, and the question must receive
the Louisiana
Code, is not ap- the same solution.
plicable to
claims for work
done by the job.   It is, therefore, ordered, adjudged, and decreed, that the
judgment of the District Court be affirmed, with costs.