### SULLIVAN v. WILLIAMS et al.

A duly authenticated copy of the section of a foreign statute on which a party relies, is sufficient. If the opposite party have reason to believe that other provisions of the statute are favorable to him, he must produce them. If surprised by the introduction of the extract only in evidence, the court will, on a proper showing grant time to produce the entire statute.

Defendants, acting as partners, purchased a number of slaves in another State and re-sold them in a third, in both of which States they were personal property. They subsequently employed plaintiff in this State, as an agent to purchase slaves for them in a State in which slaves were personal property, to be re-sold in this. Purchases were made accordingly in that State, and the slaves re-sold here. *Held,* that as joint purchasers of personal property for sale defendants were commercial partners, and liable as such, before the employment of plaintiff as their agent (C. C. 2796) ; that the subsequent purchases for re-sale

here were continued ·acts of the same partnership; and that the ·fact·of ·the slaves becom- SULLIVAN
ing immovables, by destination of law, upon their introduction·into this State,.cannot affect *v.*
the responsibility of defendants.

Answers to interrogatories on facts and articles ·can only·be used against the party interro-
gated, and not against other parties to the action; the latter have a right·to insist on a
cross-examination of the witness by whose testimony ·they are·to be bound.

The claim of an agent for compensation under an agreement allowing him a certain commis-
sion on disbursements, is not prescribed by three years. Such an agent is not included
among the persons enumerated in arts. 3503, 3504, of ·the ·Civil Code.

Since·the stat. of 20 March. 1839, § 15, repealing art. 554 of the Code of Practice, all sums
due on contracts bear interest from judicial demand,·though none ,has been stipulated, and
the demand is unliquidated.

SULLIVAN *v.* WILLIAMS.

APPEAL from the District Court.of Rapides, *Campbell*, J. *Ryan*, for the
plaintiff. *Hyams*, for the appellant. The judgment of the court was
pronounced by

KING, J. The defendants are sued for a balance alleged to ·be due on an
open account .with interest, and a judgment *in .solido* against them is prayed
for. The cause was .tried in the court below by a jury, who gave a verdict for
the plaintiff, and from the judgment rendered thereon .the defendant, *Williams*,
has appealed.

From the evidence, it appears that the defendants entered ,into ,a ,partnership
for the purchase of slaves in Virginia, for re-sale, and that two ·lots or gangs
were purchased and sold. Of those first purchased several were re-sold in the
State. of Mississippi, and the residue in Louisiana. The second lot appear to
have been all disposed of in New Orleans. The plaintiff was employed .in
Virginia, as the agent of .the defendants, in making purchases in that State of
the second lot; $30,000 were placed in his hands, for that purpose; and upon
.that sum it was agreed that he should receive a .commission of five per cent.
The plaintiff credits the defendants with .the sum of $20,000 received, and
debits them with commissions, ·and with .various disbursements made for the
.defendants in the purchase of slaves, and in defraying expenses incurred in the
execution of his agency. He also charges them with the price of a slave and
of a ;horse, sold to them. The defendants deny that they are commercial
partners, and plead the prescription of three. years, as .applicable to the claim
.for commissions.

Before proceeding to the .merits, it becomes necessary to .consider a bill of
exceptions, taken to 'the opinion of the judge admitting in .evidence part of two
statutes of Virginia, the first declaring slaves to be personal property, and the
second regulating the rate ,of interest, on the ground that ,the whole
of each of those statutes, and not extracts from them, should have been pro-
duced. The judge did not, in our opinion, err. It was sufficient for the plain-
tiff to produce an authenticated copy of those sections,only of the statutes of
Virginia upon which he relied. .5 Rand. 126. The .plaintiff was ;bound to
prove the foreign law on which he relied as a fact; but it would be ·unreasona-
ble to require of him to produce more of that law than was necessary to es-
tablish his right to recover. ·Inconveniences .may no doubt arise from permit-
ting a part, instead of the entire .law, to be offered in evidence; but if the party
against whom it is offered have reason to believe that other provisions of the
particular law are favorable to himself, it is incumbent on him to produce those
parts. If he be surprised by the introduction of such .extracts in evidence on
the trial, the court would, upon a proper showing, grant .time .for .procuring the

SULLIVAN
*v.*
WILLIAMS.

entire act. In the present instance, it is not pretended that the particular sections offered by the plaintiff, are qualified by other parts of the acts from which they are extracted, and there is no complaint of surprise.

The fact that slaves are personal property in Virginia, is sufficiently proved. But it is contended that the partnership was formed in Louisiana, where the defendants resided; that the slaves were purchased for re-sale in this State; that upon their introduction into this State they became immovable by destination of law; and that no other than an ordinary partnership could exist in relation to them. It is shown that a partnership existed between the defendants prior to the commencement of the plaintiff's agency, and that a part of their common slaves were sold in the State of Mississippi. The subsequent purchases for the New Orleans market were continued acts of the same partnership. As the joint purchasers of personal property for sale, the defendants became commercial partners, and are liable as such to the plaintiff. C. C. 2796.

Two sums have been awarded to the plaintiff by the jury, which we think are not supported by the evidence, and must be deducted from the judgment. The first is a sum of $500, charged as having been advanced by the plantiff for the use of the partnership. This item is supported alone by the answers of the defendant *Sullivan* to interrogatories. Those answers are binding only as between the party interrogating and the party interrogated. The appellant, *Williams*, had no opportunity of a cross examination, and as to him they have no effect. *Johnson* v. *Marsh ante* p. 772. *Morrill* v. *Carr*, *ante* p. 807. The second item unsustained by proof is one of $140, for the price of a horse. There is no evidence showing that the disbursement was for the use of the partnership.

We think that the prescription of three years is not applicable to the plaintiff's claim for commissions. The plaintiff acted in the capacity of an agent, and belongs to none of the classes of persons enumerated in the articles of the Code which treat of the prescription of three years. C. C. 3503, 3504. We do not understand the case of *Coote* v. *Cotton*, 5 La. 12, as deciding that salaries due to agents are prescribed in three years, nor that agents employed for the purchase of slaves stand upon a different footing from other mandataries. The court only determined that the plaintiff in that case was a secretary, and that his wages as such were, under article 3503 of the Code, prescribed by three years.

The section of the Virginia statute in relation to interest, which has been offered by the plaintiff, establishes no rate of interest in the absence of an agreement of parties, but merely declares contracts null in which a higher rate than six per cent is reserved or taken. The plaintiff's claim for interest must rest upon our own laws. Previous to the act of 20 February, 1839, s. 15, repealing the 554th art. of the Code of Practice, no interest was due upon unliquidated demands, even from the date of judgment. We have uniformly held that, since the passage of that act, all sums due on contracts bear interest from judicial demand, even where none has been stipulated, and the demand is unliquidated. We consider the plaintiff entitled to legal interest on his demand, which is based on a contract, from the date of the repealing statute of 1839.

It is urged that a charge of $5,000 in the plaintiff's account, is unsupported by evidence. The proof by which it is sustained is a receipt, signed by *Getting*, in these words: " Received, 3d January, 1834, of *Luther O. Sullivan* five thousand dollars, to be accounted for in negroes to the said *L. O. Sullivan*,

for *Warner Sullivan.*" There is no allegation that the plaintiff was not authorised to employ *Getting* as a sub-agent, or entrust to him funds of the defendants for insistment; but, on the contrary, the proof is that he had previously been employed by the defendants themselves as an agent ; that they were satisfied with him, and desired that his agency should be continued.

After deducting from the judgment of the lower court the two sums which we consider unsupported by proof, there remains due $1.799 03, for which sum the judgment of the lower court ought to have been given, with five per cent interest, from the 20th of April, 1839. The defendant, *Sullivan,* has not appealed, and as to him the judgment must remain undisturbed. It is therefore ordered that, as far as relates to the defendant *Williams,* the verdict of the jury be set aside, and the judgment of the District Court be reversed. It is further ordered that the plaintiff recover of the defendant *Williams,* the sum of $1,799 03, with five per cent interest thereon from the 20th day of April, 1839 ; the plaintiff paying the costs of this appeal, and the defendant those of the court below.