## PETRIE *v.* WOFFORD et al.

A minor, whose father is dead and who resides with his mother in another State, is properly represented by a curator *ad hoc,* in an action in which it is prayed that he may be joined as one of the plaintiffs, when his mother has never been confirmed or sworn as his tutrix, and he is unrepresented here or elsewhere by any tutor or guardian. C. C. 116. Until her confirmation and oath as tutrix. the mother was incapable of representing him. C. C. 328.

Where after the dissolution of the community by the death of the wife, the husband neglects to cause any partition to be made, and subsequently administers the common property, he will be liable for one half of the nett revenues of the community property from the date of the dissolution of the marriage. Sums due on contracts bear interest from judicial demand though unliquidated ; but, in a case like the present, where the judgment includes the revenues to the date of the decree, interest can only be allowed from that date, and not from judical demand.

After the dissolution of the community by the death of the wife, the surviving husband can sell only his interest of one half in a slave belonging to the community.

APPEAL from the District Court of St. Mary, *Overton,* J. *Brent,* and *J. W. Walker,* for the plaintiff. *Splane,* for the appellants. The judgment of the court was pronounced by

KING, J. The defendant, *W. W. Wofford,* intermarried, about the year 1807, with *Eugenie Lignon.* The latter died in 1813, leaving three children, viz : *William W., Lewis,* and the plaintiff, issue of the marriage, all of whom were

minors. The succession of the deceased consisted of separate property received during the marriage or previously owned by her, and of one half of the community. The husband is not shown to have had any separate estate. No inventory was ever made of the succession of the deceased. The entire property of which it was composed remained in the possession of *W. W. Wofford*, who administered it as his own, and appropriated to his own uses all the revenues derived from it, up to the commencement of this suit. Amongst other property belonging to the community was a slave named *George*, whom the defendant, *W. W. Wofford*, sold in 1843, to *James N. Wofford*, a son by a second marriage. *Lewis Wofford*, died, leaving a minor child, who, with his mother, resides in the State of Pennsylvania. *William W. Wofford*, the remaining heir, died in this State, in 1842; and having previously expressed a desire to devise his estate to his sister, the defendant made a renunciation in her favor of the portion to which he was entitled as an heir of his son.

The plaintiff instituted the present action for a partition and settlement of her mother's succession, claiming the portions which she derived, as well by inheritance, as in virtue of the renunciation made by her father in her favor, and prayed that her father should be decreed to account for the fruits and revenues derived from the property of the succession, of which he had had the administration and enjoyment since her mother's death. She further claimed the recision of the sale of the slave *George*. A curator *ad hoc* was appointed to represent the absent minor co-heir, who joined the plaintiff in her demands against the defendants. The judgment of the lower court awards to the plaintiff and minor $3442, as the full sum to which they are entitled from the succession of their ancestor, with legal interest from judicial demand, and decrees a partition between them in accordance with their respective rights. The sale of the slave *George*, was also set aside for an undivided interest of one half; and *J. N. Wofford*, decreed to pay half the value of his services from the date of the transfer to him, with interest from judicial demand. From this judgment the defendants have appealed.

The appellants contend : 1st. That the absent minor co-heir was not legally represented by a curator *ad hoc*. 2d. That the evidence does not support the judgment, for an amount so large as that rendered by the district judge. 3d. That interest was improperly allowed. 4th. That the judge erred in setting aside the sale of the slave *George*.

I. The minor has, in our opinion, been properly represented in this litigation. It is admitted that he resides with his mother in the State of Pennsylvania. The appellants themselves aver that, the mother has never been confirmed or sworn as his tutrix, and as far as appears from the record, the minor is unrepresented here or elsewhere by a tutor or guardian. Until her confirmation and oath as tutrix, the mother was incapable of representing her child in this action. C, C. art. 328. 11 Rob. 503. The minor then stood unrepresented at the inception of this suit; and, in such cases, our laws authorize the appointment of a curator *ad hoc* to defend his interests. C. C. art. 116.

II. III. We think that the sum ascertained to be due by the judgment is fully sustained by the evidence. The amount is composed not only of the value of the separate property of the wife, and of her half of the community, but also of one half of the nett revenue derived from the latter since the dissolution of the marriage, and for these revenues, by our well settled jurisprudence, the defendant, *W. W. Wofford*, was answerable in consequence of his failure to provoke a partition of his wife's succession at her death, and of his

PETRIE
v.
WOFFORD.

subsequent administration of the common property. *Broussard* v. *Bernard*, 7 La. 224. The decree for interest from judicial demand, however, is, in our opinion, erroneous. We have hitherto held that sums due on contracts bear interest from judicial demand, although unliquidated. 2 An. 878. But, in the present instance, the judgment includes the revenues derived from the property which forms the subject of controversy, up to the date of the decree, The effect of the judgment is to award both revenues and interest from the default. In this respect the judgment must be amended,

IV. The sale of the undivided interest of one half of the slave *George*, was properly annulled. This slave formed a part of the community, and the defendant could only validly alienate the interest of one half which he owned.

It is, therefore, ordered that, so much of the judgment appealed from as decrees that the defendant, *W. W. Wofford*, pay five per cent interest from judicial demand on the sum of $3442, and that *James N. Wofford*, pay like interest from judicial demand on the sum of $315, be reversed. It is further ordered that, the said *W. W. Wofford* and *James N. Wofford*, pay five per cent interest from the 16th day of June, 1848, on the aforesaid sums by them respectively due. In other respects, the judgment appealed from is affirmed, the appellants paying the costs of the court below, and the appellees the costs of this appeal,