ROBERT RUFFIN BARROW, PLAINTIFF IN ERROR, *v.* JOSIAH REAB.

No exception can be taken in this court which was not moved below, or which does not appear in some way on the record below.

Formerly, the laws of Louisiana did not allow interest on accounts or unliquidated claims; but now it is due from the time the debtor is put in default for the payment of the principal.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the District of Louisiana.

Reab was a citizen of Connecticut, and Barrow of Louisiana.

The facts in the case appeared by the record to be these.

On the 5th of February, 1845, Reab purchased, at New Orleans, from J. R. Conner, alleged to be the lawfully authorized agent of Barrow, 35,000 gallons of molasses, at the rate of twelve and a half cents per gallon, to be delivered at Field's Mills on the Bayou Lafourche ; said molasses being represented as the crops of two plantations owned by Barrow, one being called the Myrtle Grove Plantation, and the other being called the Home Plantation, or Home Place. At the time of purchase, Reab paid to Conner for Barrow five hundred dollars.

Conner gave an order upon Barrow for the molasses, to be delivered to Reab or order, who sent a William Patton for it. The overseer wrote upon the face of the order, in pencil, "The molasses has all been shipped from Myrtle Grove and the Residence."

On the 20th of March, 1845, Reab brought an action in the Circuit Court against Barrow, claiming, for expenses of sending a vessel, &c., and for the rise in the price of molasses, the sum of $ 3,755.07.

On the 22d of April, 1845, Barrow answered the petition by

Barrow v. Reab.

a general denial, and by denying specially that Conner was his agent.

In March, 1847, the cause came up for trial, when the jury found a verdict for the plaintiff for $3,000, with interest. Whereupon the court entered judgment against Barrow for the sum of three thousand dollars, with interest thereon at the rate of five per cent. per annum from judicial demand, the 29th day of March, 1845, till paid ; and the costs of suit.

In the course of the trial, the following bill of exceptions was taken.

"Be it remembered, that on' the trial of this cause, to wit, on the 9th day of March, 1847, the plaintiff offered in evidence, attached to the deposition of William C. Patton, a written instrument in the words following : —

"'Mr. R. R. Barrow, or manager, will deliver to Mr. Josiah Reab, or order, the molasses on Myrtle Grove, as well as the production of the Home Place, or Residence, said molasses to be delivered in casks, to be furnished by the purchaser at Field's mills, and oblige, &c.                · J. R. Conner.'

"Upon which was this indorsement : —

"' Deliver to Mr. William Patton.          Josiah Reab.'

"Written on the face, by overseer of the defendant, in pencil : —

"' The molasses has all been shipped from Myrtle Grove and the Residence.                    N. L. F. Munroe.'

"And after the evidence had been given to the jury by both parties, the defendant, through his counsel, requested the court to·charge the jury, that, in order to recover damages for the alleged failure of the defendant to deliver the article sold by his alleged agent, as set forth in the plaintiff's petition, it would be necessary for him to show that a demand in writing, or in one of the other modes prescribed by article 1905 of the Louisiana Code, had been made upon him for the delivery of the article sold, by the vendee, or some person authorized, and that he had been put in default according to the terms of the said article 1905. Whereupon the court charged the jury, that, if they should be satisfied that there had been a sale, and that the instrument aforesaid was a memorandum of the sale, with the indorsement of the vendee for the delivery of the thing sold, and that the same had been presented to the defendant or his authorized agent, such would be a demand in writing under the terms of the article 1905 of the Louisiana Code.

" To which opinion and charge of the court the defendant, through his counsel, excepted, and prayed leave of the court that said exception be made of record, and that he have his bill of exception thereto; which leave was granted by the honorable court, and this, the bill of exceptions of the defendant to the said charge of the court, was then and there signed and sealed by the honorable court.

[L. S.]                    THEO. H. McCALEB, *U. S. Judge.*"

The defendant, Barrow, sued out a writ of error, and brought the case up to this court.

It was submitted on printed argument by *Mr. Downs*, for the plaintiff in error, and argued orally by *Mr. Baldwin*, for the defendant in error.

*Mr. Downs*, for the plaintiff in error, contended that the judge erred in his charge to the jury, in this: that in stating what was requisite to make the demand in writing a good one, under the 1905th article of the Louisiana Code, he ought to have informed the jury, among other things, that they must be satisfied that, when the demand was made, a proper tender of the price was also made; for this is a necessary and an essential part of a legal demand, so as to put a party in default or delay, to entitle the plaintiff to recover. This the judge did not do, as the bill of exceptions shows. The Louisiana Code requires this formality, as has been frequently decided by the Supreme Court of Louisiana. La. Code, art. 1905 *et seq.*; 11 La. Rep. 77, 101.

II. The court also erred (and this question is submitted as an error apparent on the face of the record) in giving judgment for interest on a demand for damages. Interest can be allowed by the laws of Louisiana only on a liquidated demand, and not on a claim for damages. 4 Martin, 620; 2 La. Rep. 580; 4 La Rep. 129 – 140; 8 La. Rep. 572.

*Mr. Baldwin*, for the defendant in error.

1. The only question which can be raised under the bill of exceptions is, whether the presentment of the written order, with the indorsement of Reab thereon, to the defendant below, or his authorized agent, was a demand in writing. As no particular form of demand is required, it is difficult to conceive how this can be denied. See Wilbor *v.* McGillicuddy, 3 La. Rep. 383; Kelly *v.* Caldwell, 4 La. Rep. 40.

Conner, who signed the order to deliver, being the agent of the defendant, the order is itself proof that the plaintiff had

done every thing necessary to entitle him to receive the merchandise. Consequently, there is no question as to the tender of performance by the plaintiff. If any question of that kind had arisen below, there was abundant proof in the case that the plaintiff had done every thing required of him, and was ready to receive the property; but the exception is taken only to the direction of the judge, that the presentation of this order, with the indorsement of the plaintiff thereon, was a demand in writing.

It was not only a demand in writing, but there was a refusal in writing, which, of course, from its very nature, relieved the plaintiff of the necessity of any further offer or act. If there was no molasses there, it would have been idle to have made any further tender or demand.

The judge did not refuse to charge that a demand must be made and a default proved. His charge is in effect a compliance with the request of the defendant's counsel, — that, admitting the necessity of a demand, it had been proved by the production of the order.

The debtor is put in default by a tender to perform (art. 1907, Louisiana Code) and by a demand of performance (art. 1905). The bill of exceptions alludes only to article 1905, and says nothing about the former. Hence, the instruction only had reference to the demand, and the tender must be implied to have been regularly made.

2. The allowance of interest was proper. The decisions relied on by the counsel for the plaintiff in error were made while an article of the Code of Practice was in force which has since been repealed. That article was as follows (No. 553): — "No interest shall be allowed on accounts or unliquidated demands." It was repealed by the fifteenth section of the act of 20th March, 1839. Louisiana Acts, p. 168.

Since the repeal of that article, the law of interest applicable to the case is found in art. 1932 of the Civil Code, as follows: — "In contracts which do not stipulate for the payment of interest, it is due from the time the debtor is put in default for the payment of the principal, and is to be calculated on whatever sum shall be found by the judgment to have been due at the time of the default." One of the modes of putting in default is by suit, another by demand, &c. (art. 1905.) Interest might, therefore, have been allowed from the demand, but, as that preceded the suit only a few days, the date of citation was taken.

No question appears to have arisen at the trial in relation to the interest.

In Porter *v.* Barrow, 3 La. Ann. Rep. 140, it was decided, on breach of a similar contract to that which is the subject of the present suit, that the court may, in its discretion, allow interest from judicial demand.    3 Robinson, 361.

In Petrie *v.* Woford, 3 La. Ann. Rep. 562, the court say, — "We have hitherto held that sums due on contracts bear interest from judicial demand, though unliquidated."    And see also 2 Ann. Rep. 878.

In Ryder *v.* Thayer, 3 La. Ann. Rep. 149, where the suit was brought for breach of contract to ship goods, the plaintiff was held to be entitled to recover the value of the goods at the port of destination, with interest from the time of judicial demand.

See also Enders *v.* Board of Public Works, 1 Grattan, (Va.) 389, where the court say that, "as a general rule, the value of the articles to be delivered, at the time when they should have been delivered, with interest from such time of delivery, forms the proper measure of damages in actions for the breach of executory contracts for the sale and delivery of personal property."    2 Comstock, 135.

Mr. Justice WOODBURY delivered the opinion of the court.

The plaintiff in error, in his argument, relies on two grounds for reversing the judgment below.

One is, that the judge should have instructed the jury that they must be satisfied, when the demand was made, that a proper tender of the price was also made.

But, on turning to the record, it does not appear that any exception was taken at the trial for any omission of this kind. And it is a well-settled practice, that no exception can be taken here which was not moved below, or which does not appear in some way on the record below.   Garland *v.* Davis, 4 Howard, 131, 143.

Besides this objection to the present ground assigned for a reversal, the presumption is, that the judge in truth informed the jury, that a proper tender or readiness to pay must be shown, unless waived by Barrow, or the exception would have been taken there, and would be spread on the record.   Much more is this to be presumed, as such tender or readiness was averred in the declaration; and its importance, therefore, was called to mind, as well as being recognized by the laws of Louisiana. Ferran's Adm'x *v.* Lambeth et al., 11 La. Rep. 77, 101.

The other exception urged here is the allowance by the court of interest on the verdict.   This allowance appears on the record, and was in conformity to the finding of the jury, which was "for three thousand dollars, with interest."

To be sure, the laws of Louisiana once provided that "no interest shall be allowed on accounts or unliquidated claims." (Code of Practice, No. 554; 4 Martin, 620; 2 La. Rep. 580; 4 La. Rep. 129, 140; and 8 La. Rep. 572.) But on the 20th of March, 1839, this provision was repealed. (Louisiana Acts, § 15, p. 168; 2 La. Ann. Rep. 878.) And the rule since established, in article 1932 of the Civil Code, is, — "In contracts which do not stipulate for the payment of interest, it is due from the time the debtor is put in default for the payment of the principal, and is to be calculated on whatsoever sum shall be found by the judgment to have been due at the time of the default."

This provision has, in several cases in Louisiana, been held to apply to transactions of this kind, settling the law now to be as the court below virtually adjudged; namely, that "sums due on contracts bear interest from judicial demand, though unliquidated." Petrie v. Woffard, 3 La. Ann. Rep. 562; Porter v. Barrow, Ibid. 140; and Ryder v. Thayer, Ibid. 149; Sullivan v. Williams, 2 La. Ann. Rep. 878; 3 Robinson, (La.) 361; Erwin v. Fenwick, 6 Martin, N. S. 230.

Such, too, seems to be the rule as to interest in some other States, resting on general principles. Van Rensselaer v. Jewett, 2 Comstock, 135; Enders v. Board of Public Works, 1 Grattan, (Va.) 389. More especially has this been considered allowable, in England as well as this country, if, as here, interest be given as a part of the damages for a wrongful refusal to fulfil a contract. Arnott v. Redfern, 3 Bingh. 353; 2 Carr. & Payne, 88; S. C., 1 Maule & Selw. 169; Doug. 376; Noe v. Hodges, 5 Humphreys, 103; Peters, C. C. 172; Cooke, 445. But the general practice, where no statute or usage exists to the contrary, is, not to allow interest on unliquidated damages due in cases of ordinary contracts. Anonymous, 1 Johns. 315; 2 Penn. 652; Peters, C. C. 85, 172, 221; Colton v. Bragg, 15 East, 223; 3 Gilman, 626. Independent, however, of the rule elsewhere, the law in Louisiana must, in this instance, govern in respect to interest; and, as we have before shown, it sustains the course adopted by the Circuit Court.

There was one formal exception taken below, and set out on the record, which has not yet been noticed. The defendant insisted, that it was necessary for the plaintiff to show a demand in writing.

"Whereupon the court charged the jury, that if they should be satisfied that there had been a sale, and that the instrument aforesaid was a memorandum of the sale, with the indorsement of the vendee for the delivery of the thing sold, and

that the same had been presented to the defendant or his authorized agent, such would be a demand in writing under the terms of the article 1905 of the Louisiana Code.

"To which opinion and charge of the court the defendant, through his counsel, excepted."

But in the argument this exception did not appear to be relied on, and could not be successfully, as the sale, by the evidence, seems to have been in writing, the order to receive the article sold in writing, and this order presented; and a refusal indorsed on it, in writing.

On the whole case, then, the judgment below must be affirmed, with damages at the rate of six per cent.

### *Order.*

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, affirmed, with costs and damages at the rate of six per centum per annum.