## UNIVERSAL MOTOR CO., Inc., v. ROLLAND.*

### No. 13964.

Court of Appeal of Louisiana. Orleans.
April 18, 1932.

F. Rivers Richardson, of New Orleans, for appellant.

Titche, Kiam & Titche, of New Orleans, for appellee.

HIGGINS, J.

This is a suit on an open account for material and services in connection with the repair of two automobiles. Defendant denied liability on the ground that the work was not done in a satisfactory manner because the automobiles would not run properly, and as to the claim for labor, he filed a plea of prescription of one year.

There was judgment in favor of plaintiff as prayed for, and defendant has appealed.

The record shows that the plaintiff is engaged in the business of repairing automobiles and furnishing and selling parts therefor. The defendant had two automobiles, one T-Model Ford and one Nash car, both of which were several years old. These automobiles were used by the defendant in his business and were operated practically every day and lots of times at night. He sent them to plaintiff's garage for the purpose of having them repaired which work was performed.

The defendant testified that he delivered the cars to the plaintiff's garage and instructed the president to place the cars in first-class condition and did not set any limit on the amount to be expended for that purpose. Defendant showed by several witnesses, all of whom were former employees, that the automobiles for a period of three or four months after they were repaired by plaintiff got out of order and did not run properly.

Plaintiff testified that he was told by defendant to make only certain specified repairs which the defendant considered necessary to place the cars in good working order.

We feel that plaintiff's evidence should be given greater weight than that of defendant's, because it is quite unlikely that the automobiles would have been left to be placed in first-class condition without any limitation upon the amount to be expended in doing so. It is unreasonable to assume that two old cars could be put in first-class condition for the sum of $128.33, the amount of this claim. Plaintiff showed that certain specified or designated repairs were made which did not include a thorough overhauling of the automobiles and further proved that there was no duplication of parts or labor for which the defendant was charged. While it is quite true that the automobiles may have gotten out of order after plaintiff made the repairs, still the record shows that it was other parts of the machines that got out of order from time to time, and not the parts repaired or furnished by plaintiff.

We conclude that the service furnished by plaintiff in making the repairs was done in a workmanlike manner and that the materials furnished were not defective and that plaintiff is entitled to recover therefor.

Defendant pleaded one-year prescription to the claim for labor, citing article 3534 of the Civil Code, which reads in part as follows:

"The following actions are prescribed by one year: * * *

"Laborers and Servants. That of workmen, laborers and servants, for the payment of their wages."

In the case of Gallaspy v. A. Livingston, Administrator, 5 La. Ann. 671, the administrator, as defendant, pleaded the prescription of one year under article 3534 of the Civil Code (3499) against the claim of a blacksmith for work and material furnished in making certain repairs. The court said:

"It has been often and uniformly held in our courts, that the article relied on applies only to the wages of workmen, laborers and servants who are employed by the day or by the month, and not to claims for the value of work done by the job, and of materials furnished for said work on a quantum meruit, as was the case in this instance.

"In affirming the judgment, it is only necessary to refer to the previous decisions. Tietjen v. Penniman, 1 La. 268; Ogden v. Fowler, 4 La. 113; Coote v. Cotton, 5 La. 12; Morrison v. Leeds, 6 La. 591; Harris v. Knox, 10 La. 231; Ariail v. Fenwick, 19 La. 413."

See, also, Louisiana Digest, vol. 6, verbo "Prescription," par. 89.

We can see no legal distinction between that case and the present one, because here the plaintiff was not a workman or laborer by the month or day within the meaning of the codal provision, but was a corporation engaged in the business of conducting a garage, an automobile repair shop, and place for the sale of automobile accessories. The plea of prescription is without merit and, therefore, denied.

For the reasons assigned the judgment appealed from is affirmed, at appellant's cost.

Affirmed.