186 La. 356

**MASSET v. BALDWIN PIANO CO.**

No. 34094.

Supreme Court of Louisiana.

Jan. 4, 1937.

Rehearing Denied Feb. 1, 1937.

Jackson & Smith and Chas. L. Mayer, all of Shreveport, for appellant.

Isaac Abramson, of Shreveport, and I. E. Uzzo, of New Orleans, for appellee.

LAND, Justice.

Defendant company is an Ohio corporation, with its main offices in the city of Cincinnati.

On or about May 10, 1929, plaintiff entered into a written contract with defendant at Baton Rouge, La., where the company, at the time, maintained an office, whereby he agreed to act as its agent and to sell its pianos and other musical instruments.

Plaintiff alleges that, under the terms of the contract, he was to receive a commission on sales made, being the difference between the price at which each instrument was billed to him and the price at which he sold same.

Plaintiff further alleges that, at various times during the life of the contract, he disposed of the pianos billed to him to various people at various prices, and claims a balance due him as net commissions in the sum of $3,109.48, with legal interest from judicial demand.

Judgment was rendered in favor of plaintiff in the sum of $491.98, with legal interest from date of judicial demand and all costs of this suit.

It is also decreed in this judgment "that the demands of plaintiff, John F. Masset, in excess of the foregoing sum be and they are hereby dismissed as of non-suit, with reservation of the plaintiff's right to sue for an accounting, and without prejudice by the judgment herein."

From this judgment defendant company has appealed. Plaintiff has answered this appeal, and prays that the judgment be amended by increasing it to the sum of $3,109.48 originally claimed.

In plaintiff's brief it is admitted that defendant company is entitled to another credit of $480.74, so that the exact amount which plaintiff claims that he is entitled to as commissions is the sum of $2,628.49.

1. Plaintiff sues for commissions under a written contract annexed to his petition, and on an itemized statement, showing sales by him of pianos to various persons from April 16, 1929, to January 8, 1930.

Although not alleged in the petition, it is stated in plaintiff's brief that: "Masset claims commissions on these sales. The commissions resulted from the sale of these various pianos *on credit*. Chattel mortgages and notes of the various purchasers were turned over to the company, who collected them, and who had complete charge of all of them after January 29,

1930." (Italics ours.) Plaintiff's brief, p. 2.

After filing its original answer, which was practically a general denial, defendant company filed a supplemental answer in which it purported to render to plaintiff a full and complete accounting in connection with every item sued on by plaintiff and in which defendant admitted an indebtedness of $227.05, but, during the trial, it admitted that the indebtedness should have been $491.98, and this is the amount for which the lower court rendered judgment in favor of plaintiff. It may be true that plaintiff introduced in evidence 27 instruments which constitute acknowledgments of defendant company of the receipt of the contracts, covering the various commissions claimed by plaintiff and upon which this suit is based.

Proof of the receipt of the contracts, and proof of the collection of the contracts by defendant company, are two very different things. Plaintiff has not shown collection by defendant company of the chattel mortgages and notes of the various purchasers delivered by him to that company.

The contract sued upon provides in paragraph 2 that: "The undersigned (plaintiff) will be allowed as commission the difference between the price at which the instruments are sold and the price of the instruments to the undersigned. * * * On all *cash* sales the undersigned shall immediately remit to you in cash for the instrument sold as per agreed prices and terms furnished by you. On *time* sales, the undersigned will send you the proceeds of same, including notes, mortgages, contracts or leases *retaining the cash payment,* provided this does not exceed the commission; *the balance of the commission* to be credited the undersigned as received by you from the customer in proportion. * * * "Undersigned is to retain the first four monthly payments and then share in balance of payments proportionately." (Italics ours.)

■ It is quite clear that plaintiff is not entitled to the whole of his commission when a credit sale is made. He retains the cash payment, if it does not exceed the commission; and, as to the balance of his commission, he shares in balance of payments proportionately.

The trial judge was of the same opinion that we now entertain, and that is that

plaintiff failed to prove his claim for commissions and dismissed his suit as of nonsuit, except as to the sum of $491.98, which defendant company *admitted* to be due plaintiff as commissions.

It is provided in paragraph 4 of the contract that: "If default is made in the payment of any notes, contracts or leases, guaranteed as above, the undersigned (plaintiff) agrees, *upon your demand,* to repossess or cause to be repossessed, at the undersigned's expense, any instrument for which such defaulted note or notes, contracts or leases, were given in payment, and should the undersigned be unable to regain possession of such instrument, to pay in cash the entire amount due you on same." (Italics ours.)

■ It is apparent from paragraph 4 of the contract that plaintiff must be given notice, or demand, made upon him by defendant, if defendant desires to repossess any pianos. Defendant cannot voluntarily repossess pianos, and charge plaintiff with commissions which he had earned from the sale of the pianos. The claim is made by defendant company that some of the purchasers defaulted in their contracts and that defendant company canceled their contracts and repossessed these pianos.

The only witnesses who testified in the case were plaintiff, and a bookkeeper of defendant, who admitted that he personally knew nothing of the repossessions; that he could not tell whether or not the pianos were repossessed, but merely had notations made by some one else, and had no knowledge of the circumstances by which the contracts were canceled.

The trial judge, manifestly, was not satisfied with the purported "full accounting" made by defendant, when based solely upon such testimony. Nor are we satisfied with it.

For these reasons, our conclusion is that the right of plaintiff to sue for an accounting was properly reserved in the judgment appealed from by defendant.

■ 2. The plea of prescription of three years against open accounts is not applicable in this case. As said in Sullivan v. Williams, 2 La.Ann. 876, at pages 878 and 879: "We think that the prescription of three years is not applicable to the plaintiff's claim for commissions. The plaintiff acted in the capacity of an agent, and belongs to none of the classes of persons

enumerated in the articles of the Code which treat of the prescription of three years. C.C. 3503, 3504."

In Garland v. Scott's Estate 15 La.Ann. 143, the court held that the action of mandate was governed by the prescription of ten years. See, also, Means v. Ross, 106 La. 175, 30 So. 300.

The plea of prescription of three years is therefore overruled.

We are of the opinion that the judgment appealed from by defendant is correct.

Judgment affirmed.