ALBANY,
Feb. 1828.

Dodge
v.
Waterbury.

*DODGE *against* WATERBURY and COLES.

ASSUMPSIT. The cause was referred, by consent of the parties, to two referees, with power in them to choose an umpire; and a rule by consent was entered to that effect; and that the referees report, &c. They heard the cause, and reported accordingly.

A motion was now made, in behalf of the defendant, to set aside the report for irregularity.

*J. Anthon*, for the motion.

*S. M. Hopkins*, contra.

*Curia.* This was a mere arbitration. The nature of the action warranted a reference within the statute; but that is to three referees. We cannot recognize a reference to two though with power to choose an umpire, as a case within our jurisdiction. It depends on the statute, which must be followed. This motion is, therefore, denied with costs.[1]

Though a cause be, in its nature, the proper subject of reference, it cannot be referred within the statute, to any number short of three.

If referred to a less number by consent and rule of court, with power to choose an umpire, the court cannot interfere to review their proceedings as referee's on motion.

It is a case of mere arbitration.

Motion denied.

[1] Under the New York Code, the right to try causes by referees, has been extended to every case, whether the issue be one of law or fact. Formerly references were confined to actions of assumpsit, where the trial of the cause would require the examination of a long account on either side. Now, however, all or any of the issues in any action, whether of law or of fact, or both, may be referred upon the written consent of the parties. Code, sec. 270.

The court in which the action is pending, has the power, without the consent of the parties, upon the application of either, or of its own motion, to direct a reference in the following cases:

1. Where the trial of an issue of fact shall require the examination of a long account on either side, in which case the referees may be directed to hear and decide the whole issue, or to report upon any specific questions of fact involved therein.

It has been decided in regard to a reference under this head, that it is confined to cases of *accounts* existing between the parties, and does not reach a case of many items of *damage*. 6 Hill, 372. A reference will be ordered where there are but four items of an account. 10 Wendell, 577. But where

a defendant stipulated to admit the plaintiff's cause of action as to all his bill of particulars, except the execution and delivery of a promissory note, the court refused to refer the cause, although the bill of particulars contained a large number of items. *Mullin* v. *Kelly*, 3 How. Pr. Rep. 12. So, where it appears that substantial questions of law will arise on the trial, although the plaintiff shows that it will require the examination of a long account on his part. *Ives* v. *Vandewater*, 3 How. Pr. Rep. 168.

But in an action where the plaintiff's account contained a large number of items, but were all of a single purchase, and made at one time, it was held that this was not such an account as warranted a reference. *Stewart* v. *Elwell*, 3 Code Rep. 139.

So it was held that a bill of goods, containing fifty items, delivered at one time, was, in fact, but one item, and a motion for a reference was denied. *Swift* v. *Wells*, 2 How. Pr. Rep. 79; *Miller* v. *Hooker*, id. 171.

But when the action is based on carelessness or negligence, and it might become necessary, in the course of the trial, to examine into a large number of items constituting the plaintiff's claim for damages, it was held not to be referable. *McMaster* v. *Booth*, 3 Code Rep. 111.

This seems to have been doubted in a later case, (*Sheldon* v. *Wood*, 1 Code Rep. (N. S.) 118,) and it was here held that in actions sounding in tort, where the trial will require the examination of a long account, the court has power to order a reference. The language of the Code is certainly sufficiently broad to authorize a reference in any case where the examination of a long account becomes necessary. And so, whether the action be on a contract or for a tort. And see *Boyce* v. *Comstock*, 1 Code Rep. (N. S.) 290.

A reference will also be ordered,

2. Where the taking of an account is necessary for the information of the court, before judgment, or for carrying a judgment or order into effect.

In this case the reference is usually made before judgment: thus, in an action for the foreclosure of a mortgage, an order of reference is proper to ascertain the amount due to the plaintiff, to enable the court to make the appropriate judgment.

3. Where a question of fact, other than upon the pleadings, shall arise, upon motion or otherwise, in any stage of the action.

The court are authorized to refer a conflicting question of fact arising upon a special motion. Thus, where material facts in the affidavits of the moving party are denied by the opposing party, the court may refuse to determine the question, and may order a reference. So, in a summary proceeding, the court may order a question of fact to be tried by reference.

Actions for *torts* are not referable, without the consent of the parties, unless, as we have seen, the examination of a long account shall be required: and all cases when a consent is necessary, it must be in writing, and filed with the clerk of the county where the action is pending. Monell's Pr., 2d ed., pp. 693, 694, 695.