## BEARDSLEY *vs.* DYGERT.

An action of debt against a constable for neglecting to return an execution does not belong to the class of referable causes.

Where such a cause was referred and a report made, the court refused to entertain a motion to set it aside.

MOTION to set aside the report of referees. The action was debt against a constable for neglecting to return an execution issued by a justice of the peace in favor of the plaintiff, brought pursuant to the provisions of 2 *R. S.* 253, § 159. After issue joined, the cause was referred to referees, who made a report in favor of the plaintiff, which the defendant moved to set aside on the merits.

*E. S. Capron,* for the defendant.

*N. Hill Jr.,* for the plaintiff, said that the cause was not referable under the statute, (2 *R. S.* 384, § 39,) and that the court would not, in such a case, review the report. (*Silmser* v. *Redfield,* 19 *Wend.* 21; *Dederick's adm'rs* v. *Richley, id.* 108.)

PER CURIAM. Where the objection is made at this stage of the proceedings, the question is whether the suit belongs to the class of referable causes. It is settled that an action of tort cannot be referred, except under the late statute, where it may be done by consent of all the parties.(a) This suit is for a penalty, grounded upon non-feasance in a public officer, and was not referable. We cannot therefore entertain a motion to review the report.

Motion denied.

(a) *Stat.* 1845, *p.* 163.

END OF OCTOBER TERM.

# CASES

ARGUED AND DETERMINED

. IN THE

# COURT FOR THE CORRECTION OF ERRORS

OF THE

## STATE OF NEW-YORK,

IN DECEMBER, 1846.