Jones *v.* Cuyler.

---

## JONES *v.* CUYLER.

The plaintiff commenced an action against the defendant, to recover damages for overflowing his land, by means of a dam.  On filing a stipulation signed by the respective attorneys, consenting thereto, the cause was referred to three persons, to hear and decide the same.  One of the referees, not appearing on the day of trial, a stipulation was signed by the attorneys, substituting two other persons as referees, with the same power and authority as if they had been appointed by the court, and providing that the action should be then tried before the four referees, " and that their award, or the award of a majority of the said referees shall be as valid and effectual as if made by the referees, originally appointed by the court."  The stipulation was filed, but no rule was entered thereon.  A trial was had, and a decision was made by the referees, by which they found that the defendant had overflowed the plaintiff's land, by the erection of a dam across a stream, and that the plaintiff had sustained damages thereby to the sum of $150. *Held* that the selection of four persons, as referees, took the case out of the statute of 1845, relative to the referring of causes, and converted the

reference into an *arbitration;* and that an action could be maintained upon the decision, as an *award.*

*Held also,* that it was no objection to the award, that it did not, in words, direct the payment to the plaintiff, by the defendant, of the amount at which the damages were assessed.

*Held further,* that it could not be objected to the award, that the acts done by the defendant were without right, and wrongful; it not appearing that there was any controversy before the arbitrators, on that subject.

THE plaintiff, about the middle of June, 1848, commenced an action in this court against the defendant, to recover damages for erecting a dam in a stream, and thereby causing the water to set back upon and flow the lands of the plaintiff. The defendant pleaded the general issue. In June, 1849, the cause was referred by order of the court, on filing a stipulation signed by the attorneys of the respective parties consenting thereto, to three persons to hear and determine the same. The cause was noticed for trial before the referees, and on the day appointed for the trial, one of the referees not appearing, a stipulation was entered into between said attorneys, substituting two other persons as referees, in the place of the absent referee, with the same power and authority as if they had been appointed by the court, and providing that the action be then tried before the four referees, " and that their award, or the award of a majority of the said referees, shall be as valid and effectual as if made by the referees originally appointed by the court." The stipulation was duly filed, but no rule was entered thereon. A trial was then had, after which a decision was made by the referees in writing, as follows: " Supreme court. John H. Jones agt. William T. Cuyler. We, the subscribers, to whom the subjects of litigation in this suit were referred, having heard the proofs and allegations of the parties, and heard the argument of their counsel, and duly considered the same and deliberated thereon, do certify and report that the defendant early, and probably in the month of January, 1844, erected a dam across Beard's creek, in the town of Leicester, in the county of Livingston, upon the lands of the defendant ; that this dam obstructed and raised the waters of said creek, and also the waters of a small stream called Samp's creek, that forms a junction therewith a short distance above the

Jones *v.* Cuyler.

said dam, insomuch that water was set back to and upon the plaintiff's land; and the water of Samp's creek, and also the water of a tributary of Samp's creek, called Clute's creek, both passing over plaintiff's land, was obstructed and prevented from flowing off from the plaintiff's land with the facility which, without the defendant's dam, they would have done, causing some twenty or twenty-five acres of the plaintiff's land, lying east of the Genesee valley canal, to be wet, and such wetness to continue so as to injure the crops which have been thereon, and making the land sour and unsuitable for grain, which injury was continued from time to time during the years 1844, 1845, 1846, 1847, until the commencement of this suit. And we do further report, that the plaintiff has sustained damages thereby, in the manner above stated, to the sum of one hundred and fifty dollars. Dated November 6, 1850. C. H. Bryan, D. H. Fitzhugh, Wm. H. Spencer, D. H. Abell."

This action was brought upon said writing, as *an award*, to recover the sum specified therein, at which the damages of the plaintiff were assessed; and at the trial thereof, it was decided by the court, that the stipulation in the former action discontinued the same; that the trial before the referees was in effect an arbitration; that the said report enured as an award to said plaintiff, and as such was valid and effectual; and judgment was directed in favor of the plaintiff, for said sum, with interest and costs. Exceptions were taken on the part of the defendant, and judgment having been entered, the defendant appealed from the judgment to the general term.

*James Wood, jr.* for the defendant,

*R. P. Wisner,* for the plaintiff.

*By the Court,* T. R. STRONG, J. Prior to 1845, the provisions of the statute for referring causes were confined to actions on contract. They allowed a reference to three impartial and competent persons, and, with the consent of the parties, to a sole referee. (2 *R. S.* 383, § 39. *Laws* 1836, *p.* 767 § 1, 2.) If an action not referrible under that statute, was referred by consent

of parties it was thereby discontinued, and the reference was a submission to arbitration. The court had no control over the report in such a case, but judgment might be entered upon it, if the agreement of reference contained a provision to that effect; otherwise not, and the report could be enforced only as an award. ( *Green* v. *Patchin*, 13 *Wend.* 293, *and cases cited. Silmser* v. *Redfield*, 19 *Id.* 21. *Dederick's Adm'rs* v. *Richley, Id.* 108. *Beardsley* v. *Dygert*, 3 *Denio*, 380.)

In 1845, a statute was passed, the first section of which is in these words : " Whenever any personal action, other than those now by law authorized to be referred, shall be at issue in any court of record, such court may, by the consent of all parties, order the same to be referred to such referee or referees as shall be agreed on by the parties." By § 2, " such referees shall possess the powers, and be subject to the provisions," of the revised statutes relative to referring causes. Under those sections the former action was referrible.

It is insisted by the plaintiff's counsel, that under the first section, inasmuch as it is silent in regard to the number of referees, more than three might act by agreement of parties, and consequently that the reference in question was valid as a statute reference, and was not an arbitration. I cannot assent to this view. It could not, I think, have been intended by the legislature to make any distinction, as to the number of referees, between the class of actions embraced in that section, and actions which were before referrible. The section, although not in terms an amendment of the revised statutes in respect to the reference of causes, is to be so regarded and treated in giving it a construction. It is part of an entire statutory system, and the other parts must be taken into consideration, in connection with it, in its interpretation. The code, which authorizes a reference in all actions, by § 273 limits the number of referees to three, but it was not applicable to the former action, which was commenced before the code went into operation.

In my opinion, the selection of four persons as referees took the case out of the statute, and converted it into an arbitration. The award does not, in words, direct the payment by the

defendant to the plaintiff of the amount to which the damages were assessed, but I think such a direction is fairly to be implied. The action was brought to recover the damages, and that was submitted; facts enough are set forth in the award to show a legal liability of the defendant to. pay the damages, and there could be no object in making the assessment but to determine the sum to be paid by him.

The objection that the award does not decide that the acts done by the defendant were without right and wrongful, cannot prevail, for the reason that it does not appear there was any controversy before the arbitrators on that subject. (*Jackson* v. *Ambler*, 14 *John.* 96. *Ott* v. *Schroeppel*, 1 *Selden*, 482.)

There is no force in the position, that the award is not mutual or final. The sum awarded was allowed as a compensation for the damages, and in satisfaction of them. This clearly appears, and it was not necessary it should be formally expressed.

The judgment must be affirmed.

[MONROE GENERAL TERM, December 5, 1853. *Welles, Johnson* and *T. R. Strong*, Justices.]