The suggestion made on the argument by the plaintiff's counsel, that the stipulation had relation only to the appeal on his part, seems not to be well founded. When the stipulation was signed, neither party had served any notice of appeal to the general term. Both parties had, however, taken exceptions to decisions of the referee, and it is clear from the stipulation in regard to time for making a case, and from the terms of the other stipulation upon which the motion is founded, that both parties contemplated appealing to the general term. That stipulation was mutual, therefore, in its terms and effect. Both parties concurred that they had reason for complaining of the report of the referee, and they deliberately agreed that each should be content with what the general term should decide, and that they would not protract the litigation by an appeal to this court.
It is insisted by the defendants' counsel that the jurisdiction of this court is limited to hearing appeals upon their merits, and that it cannot enforce stipulations made by the parties in the subordinate courts. But certainly, the duty of hearing appeals involves the jurisdiction of determining whether a particular case is properly before us on appeal. It is perfectly competent for the parties to determine in the preliminary steps of the litigation, whether they will place the question in dispute in a condition to be reviewed here. They may omit to except to the decision of the court before whom the primary decision is made, or after excepting they may waive or abandon the exception absolutely or to a modified extent. There is no reason, therefore, why they may not mutually agree that exceptions which have been taken shall only be effectual to sustain an appeal to the general term of the same court. This is what has been done in effect in this case. We should not regard any less authentic evidence of such an arrangement than a plain stipulation in writing; but when we are furnished with such evidence, and especially where the court from which the appeal is *Page 590 
taken has sanctioned the agreement by making it a part of the record, we ought to enforce it by refusing to pass upon the questions which have thus formally been waived.
The appeal must be dismissed with costs, to be paid by the appellant.
Appeal dismissed.