By the Court, Robertson, Ch. J.
The order of reference of all the issues in this action to three referees was made on the written consent of both parties annexed to the original draft of such order. Cotemp oran eously with such consent, before the entry of such order, the parties themselves and their attorneys signed an agreement or stipulation in writing prescribing and limiting the testimony to be introduced before, and received by such referees, the time when their report should be rendered, and the finality of the report so to be rendered; and also providing for entering a judg *493 ment upon such report in the usual manner, and waiving an appeal from such judgment, by both parties. Such stipulation further declared that it should be filed and form part of the judgment roll in the action, and provided that in ease the report was not made by the time limited therein, the authority of two of the referees (Lapham and Studwell) should cease, and the third referee (Maurice) should proceed, as sole referee and render a report on the same testimony, within a certain time (thirty days) after such termination of the authority of his associates. The testimony so prescribed was to consist of that taken before a prior referee in this action, certain books containing, certain memoranda to be produced by the plaintiffs, and a specified agreement.
The issues were tried before such referees, by two of whom a report was signed in favor of the defendants, and delivered to their attorney, within the time fixed by the stipulation.
The entry of judgment thereon was stopped by the order to show cause, on which the order now appealed from by the plaintiffs was made, with a stay of proceedings accompanying it.
The plaintiffs claim the proceeding in question to have been an arbitration, and the report an award, because the stipulation prescribes the testimony to be received, designates the arbitrators, limits the time of rendering the report, provides for a new decision, waives an appeal, and is signed by the parties. They insist, also, that the report as an award is void, because no notice of it was given to them. The order of reference was made in the usual form, without any limitation or proviso, by consent of the parties, signed cotemporaneously with the stipulation, and was entered, and proceeded on afterwards without objection by either party. Such an order, so made and proceeded on, could not well take a cause entirely out of court, which, on the contrary, thereby necessarily retained jurisdiction of it. So far as either controlled the other, such order must have been paramount, and superseded any tendency of such stipulation *494 to take the cause out of court. If the order of reference so retaining the cause in court had not been made according to the understanding of the parties, or was to be controlled by the stipulation in that respect, the remedy was by application to the court to modify or vacate such order. The consent to entering the order was entirely distinct and separate from the stipulation, and presupposed its subsequent entry, and therefore, on such an application, unless the terms of the latter were strong enough either to take away all the powers of the referees as officers of the court, or to give them wider discretion than as such they were entitled to (Merritt v. Thompson, 27 N. Y. Rep. 225; Blunt v. Whitney, 3 Sandf. 4) in admitting or rejecting evidence or claims, I apprehend the parties ■ would be held to the terms of their consent. The provision as to taking away the powers of two of the referees, and conferring the whole upon one, after a certain time, might have been a good ground, if the cause remained in court, for applying to the court to vacate the order of reference, and make a new one, but could not, ipso facto, render a report made under the first order of reference void, and clearly could not make good a report by one, to whom alone no order of reference had been made. The terms of the stipulation as to the admission and exclusion of evidence is nothing more than is done daily upon almost every trial in court. Parties do not take a case out of court, on a trial, by either waiving an objection to, or introducing illegal evidence, or agreeing to forego legal evidence. Such an agreement restricted their powers as arbitrators as much as it did as referees. The nomination of the referees was followed in the order of reference.' A consent to have them appointed does not take away the jurisdiction of the court, as fully appears by the 273d section of the Code. The waiver of a right of appeal, like a release of error in a judgment formerly, does-not enlarge or diminish the powers of the referees, and would mot alone convert a reference into an arbitration. (Townsend v. The Masterson Stone Dressing Company, 15 N. Y. Rep. *495 587.) The signature of the parties to the stipulation, which was not necessary to a submission in order to take a case out of court, (Wells v. Lain, 15 Wend. 99,) was a proper measure of precaution by the attorneys to protect themselves against a. charge of exceeding their authority, but it was also signed by the attorneys, as required by the rules of the court, to make a binding stipulation in the cause. All the terms of this stipulation are often contained in various ones given in the course of a cause; their embodiment in one paper gives them no more efficacy than if scattered through several.
But besides this, the stipulation contained an agreement that judgment should he entered upon the report in the usual manner; and it has been held by the court of last resort in this state, even when the reference of actions not referrible, or to more or less than three, created arbitrations, (Miller v. Vaughan, 1 John. 315; Dodge v. Waterbury, 8 Cowen, 136; Jones v. Cuyler, 16 Barb. 576,) that such a stipulation retained the case in court sufficiently to allow such judgment to be entered as one by consent, (Yates v. Russell, 17 John. 461; Green v. Patchin, 13 Wend. 293,) although the contrary was determined when there was no such stipulation. (Camp v. Root, 18 John. 22. Green v. Patchin, ubi supra.) And a submission with such a stipulation seems in one ease to have been considered so little of a discontinuance as, on a revocation of the submission by one party, to permit the other party to proceed to trial in the cause. (Ex parte Wright, 6 Cowen, 399.) The defendants were therefore entitled to» enter judgment on the report of the two referees, according to such stipulation, if made according to the terms of the agreement, which .is that the referees should “ render'” their report within a certain time after the introduction of certain documents before them. I should have supposed, hut for the strenuous advocacy of the plaintiffs’ counsel, that to render was never properly applied to an award which is made and published, but was to a report; as being similar to a verdict, and, like it, rendered to the court, not to the par *496 ties. There was evidently, however, but one report to be made, as it is declared that judgment shall be entered on it, and that too “in the usual mannerWhether, therefore, an arbitration was in fact created or not, it is evident from the whole instrument that both parties understood the proceeding to be a reference retaining the cause in court, to be proceeded upon in the usual way, after a report made and delivered to the successful party; and the language used by them is to be construed in reference to that view. I think, therefore, there can be no doubt that the words of the stipulation were satisfied by making a report and delivering it to the successful parties, for the purpose of enabling them to enter judgment upon it in the usual way.
The views already expressed equally govern the appeals from the orders made, refusing to set aside the report by the remaining referee, which was, of course, void, or to prevent the plaintiffs from using it. The prior motion to prevent the referee from making an award was, perhaps, premature, and the order, therefore, proper and not appealable.
The objections in this case to entering judgment were highly technical, as it appears from the affidavits of the two referees, and even of one of the plaintiffs, (Healy,) that he had notice of the making of the report and its general character and substance, before the time fixed had expired. They are therefore properly chargeable with costs on their appeal.
The order permitting the defendants to enter judgment upon the report of the two referees must, therefore, be affirmed, with costs,-and that refusing to set aside the report of the single referee must be reversed, with costs, and the appeal from the order refusing to permit such referee to make a. report, must be dismissed, without costs to either party.