JACOB NEW, Respondent, *against* JACOB FISHER *et al.*,
Appellants.

(Decided December 4th, 1882.)

The assignee under a general assignment for benefit of creditors entered
into an agreement in writing with the mortgagee in a chattel mortgage
by his assignor, that he would sell the mortgaged goods, and if the mort-
gage " should be determined to be a valid lien by the judgment or decree
of a court of competent jurisdiction," that he would pay to the mort-
gagee out of the proceeds of such sale the amount of the mortgage debt.
*Held*, that the assignee was precluded from taking an appeal from a

judgment in an action brought against him and the mortgagor to foreclose the mortgage, which adjudged the mortgage to be valid.

Where, upon cross-examination, a witness refuses to answer a question which, although upon collateral matters, is not otherwise objectionable, but the answer to which may tend to criminate or degrade him, the party asking such question may further ask the witness his reason for refusing to answer, and compel him to claim his privilege if his refusal is based upon that ground.

APPEAL from a judgment of this court entered upon trial by the court without a jury.

The defendant Fisher made a mortgage upon personal property to the plaintiff, and subsequently made an assignment to the defendant Bernheimer. Bernheimer as such assignee took possession of some of the mortgaged property. Thereupon Bernheimer, as assignee of Fisher and the plaintiff, the mortgagee, made an agreement reciting the assignment, the mortgage, that the plaintiff claimed default on the mortgage, that the assignee was desirous of remaining in undisturbed possession of the assigned property so as to be able to sell the same without sacrifice and without hindrance upon the part of the plaintiff; and that all parties conceded that it was most advisable for all concerned to sell said goods in the ordinary course of business; and it was thereby mutually agreed and stipulated that the said Bernheimer might dispose of the assigned merchandise at a fair and reasonable market price for cash without hindrance or disturbance from the plaintiff, and Bernheimer agreed to hold thirty-five hundred dollars of the proceeds of such assigned merchandise in addition to the machinery, in place of the property claimed to be subject to the mortgage, so that in case the said Bernheimer should be advised that the said mortgage is valid and binding as against the said merchandise, or it should be determined to be a valid lien by the judgment or decree of a court of competent jurisdiction, then the said Bernheimer would pay to the plaintiff or his assigns out of such proceeds so much of the amount of said mortgage debt, with interest, as should be directed by said judgment or decree.

Subsequently the plaintiff commenced an action against Fisher, and Bernheimer, as assignee of Fisher, to foreclose the mortgage in question.

Fisher set up the defense of usury: Bernheimer pleaded ignorance and payment.

The trial of the action resulted in a judgment adjudging the mortgage valid, and that Bernheimer had converted the property into money, and under the stipulation held sufficient to pay the principal sum secured by the mortgage and interest, and that the plaintiff should recover of the defendants the amount of the mortgage and interest.

From this judgment the defendants appealed.

*Daniel Clark Briggs,* for appellants.—The court improperly excluded evidence tending to establish the plea of usury (*Blachburn* v. *Weisgerber,* 13 Week. Dig. 263; *Mayor* v. *People,* 80 N. Y. 364, and note, 373; *Baylis* v. *Cockcroft,* 81 N. Y. 370; *Pontius* v. *People,* 82 N. Y. 339–350). It was error to sustain the objection to the question asking the reason for the plaintiff's refusal to answer the previous question to him on that subject (Abb. Trial Evid. 620, 621, and cases cited; *People* v. *Carroll,* 3 Park. Cr. 73). If he had the right to refuse to answer upon the ground that his answer might tend to criminate him, it was a personal privilege with which neither the plaintiff's counsel nor the court had anything to do. The witness had not claimed any such privilege (*Southard* v. *Rexford,* 6 Cowen 255; *People* v. *Bodine,* 1 Denio 281; *Taylor* v. *Wood,* 2 Edw. 94; *Stewart.* v. *Turner,* 3 Edw. 458; *Cloyes* v. *Thayer,* 3 Hill 564; *Ward* v. *People,* 6 Hill 144; *Clare* v. *Olney,* 1 Denio 317).

*A. Blumenstiel,* for respondent.—The defendant Bernheimer is absolutely bound by the judgment of the court below under the terms of the stipulation signed by him. The condition is not to pay the final, but the judgment of any court. The plaintiff, having the right of possession, in consideration of the stipulation allowed the assignee to keep and sell the property, he agreeing to pay if the court should

hold the mortgage valid (*Townsend* v. *Masterson*, 15 N. Y. 587; *Heebner* v. *Townsend*, 8 Abb. Pr. 234; *Burrall* v. *Vanderbilt*, 6 Abb. Pr. 70). The doctrine in these cases was conceded to be sound, and hence the legislature, by L. 1862, c. 460, § 37, provided that no action shall be maintained on undertakings given thereunder while an appeal is pending, thus recognizing the rule that a party is strictly held to his undertaking (See *Wolfkiel* v. *Mason*, 16 Abb. Pr. 221 ; *Rice* v. *Whitlock*, *Id.* 225; *Atlantic Nat. Bank* v. *Franklin*, 55 N. Y. 235). A party may waive anything, even statutory or constitutional provisions (*People* v. *Quigg*, 59 N. Y. 89; *Phyfe* v. *Eimer*, 45 N. Y. 102, 104; *Vose* v. *Cockcroft*, 44 N. Y. 415). And in the case of *Ogdensburg &c. R. R. Co.* v. *Vermont &c. R. R. Co.* (63 N. Y. 176–179, 180), it was said that "a party may doubtless waive the right to appeal or be deprived of it by stipulation." And see *People* v. *Stephens* (52 N. Y. 306).

VAN BRUNT, J.—[After stating the facts as above.]—It seems to me clear that under the stipulation referred to, the defendant Bernheimer is precluded from taking this appeal. He stipulated with the plaintiff, in order to be allowed to remain in possession of the mortgaged property, that should the mortgage be determined to be a valid lien by the judgment or decree of a court of competent jurisdiction, he would pay to the plaintiff or his assigns out of the proceeds of the mortgaged property so much of the amount of the mortgage debt with interest as should be directed to be paid by such judgment or decree. A decree has been made directing a certain sum to be paid. This was a judgment or decree of a court of competent jurisdiction, and Bernheimer therefore under his stipulation is bound to pay.

It is true that there is no express waiver of a right to appeal from the judgment to be entered, but that it was the understanding of the parties that the determination of a court of competent jurisdiction that the mortgage was valid should end the contest is evidenced from the whole tenor of the stipulation.

New v. Fisher.

Mr. Bernheimer having received the advantage which he deemed important, of remaining in possession of the mortgaged property and selling the same with the other assigned property, now must be held to his part of the stipulation, viz:—that he would pay upon the determination of a court of competent jurisdiction that the mortgage was valid. He cannot be allowed to receive the benefits of the stipulation and then not be bound by its terms when it restricts his legal rights. The stipulation did not provide that the payment should be contingent upon the final judgment or decree of a court of competent jurisdiction, but its language and spirit were fulfilled when a judgment or decree of a court of competent jurisdiction establishing its validity was affirmed.

A court of appeal has a right to enforce such an agreement between the parties.

In *Townsend* v. *Masterson* (15 N. Y. 587), it was expressly held that the Court of Appeals would not entertain an appeal where there had been a stipulation not to appeal; and it seems to us that the stipulation in question upon the part of Bernheimer is in spirit an agreement not to appeal.

This disposition of the case as to Bernheimer, however, does not affect the question raised upon the appeal by Fisher. Fisher's defense was usury. He swore to facts from which if true usury might have been found by the court. The plaintiff is examined and contradicts the evidence of Mr. Fisher, tending to support the plea of usury. Upon cross examination the plaintiff is asked the following question:—

" Have you at any time received from the defendant Fisher more than the rate of 6 per cent. per annum for any money that you have loaned to him ? " Ans: " I have not received any money from Mr. Fisher ; I only received some notes where he put on his interest."

A motion was made by the defendants to strike out the answer as not responsive, and the answer was allowed to stand. The counsel for the defendants then stated that if the witness makes the objection or refuses to answer upon the ground that he may criminate himself, then the witness

may be excused from answering.  The witness then states that he refuses to answer that question.  The defendants' counsel then put the question : " Why did you refuse to answer that question?"  This question was objected to, and the court stated that he would not compel the witness to answer that question, and an exception was taken by defendants.  Then the counsel for defendants asked the witness : —" The reason why you refuse to answer that question, is it because the answer may criminate you?"  This question was objected to, the objection sustained, and the defendant excepted; and the court stated that he would not compel the witness to answer.

It would seem, if the counsel for the defendants had the right to pursue the line of examination which he was entering upon by way of cross-examination, that the record shows no sufficient reason for the witness not answering the question.

Where the answer to a question may tend to criminate or degrade a witness, it is undoubtedly the privilege and duty of the court to instruct the witness as to his legal rights, and the witness then has the right to claim his privilege ; but the party seeking the evidence has the right to make the witness claim his privilege, and to the statement by the witness that he refuses to answer because the answer may criminate or degrade him.  The privilege is entirely personal, and must be claimed as such by the witness.

In the case at bar upon the record there is simply the refusal of the witness to answer the question—for what reason is not disclosed.  Such refusal may have been based upon the idea that the answer would criminate or degrade him.  As far as the record discloses it may have been because the witness thought that it would suit his purpose better to refuse to answer the question than to answer it.  This was not bringing the refusal of the witness within the rule respecting privilege, and if it was a proper question for the defendants' counsel to put, its exclusion was error.

As has been said, the issue between the plaintiff and defendant Fisher was usury.  Fisher had given evidence

tending to prove the usury: the plaintiff had denied the usury, and upon cross-examination he was asked this question.

I know of no reason why the defendant had not a right to pursue this line of interrogation. It is true that it was collateral, and that the defendant would have been bound by any answer which the witness might make ; but it is also true that in view of the nature of the testimony of the witness, the evidence which this question might bring out, that the plaintiff had been in the habit, in the loans which he made to Fisher, of taking more than the legal interest, might have tended to discredit his evidence in reference to the transaction under investigation.

Under these circumstances we cannot see but that the defendants were deprived of testimony which they were entitled to get from the plaintiff upon cross-examination.

The appeal of the defendant Bernheimer must therefore be dismissed with costs of motion, and the judgment as to Fisher reversed and a new trial ordered, with costs to abide the event.

BEACH, J., concurred.

Order accordingly.