THERESA J. McCLEARY, APPELLANT, v. SAMUEL T. McCLEARY, RESPONDENT.

*Action for a divorce — the reference of the issues must be to hear and determine the same — form of the order — power of the court upon an application for judgment upon his report — Code of Civil Procedure, secs. 1228, 1229.*

Where an action for a divorce, in which issues have been joined, is by consent of the parties referred, the reference should be to hear and decide the issues and not merely to take evidence and report the same with the referee's opinion.

Although where the issues in an action are sent to a referee for trial it is better to have the order direct him "to hear and decide," or "to hear and determine" the same, it is not necessary that these words should be used.

An order directing "that this action be and the same is hereby referred to * * * to hear the same, and all the issues therein and to report to this court," is sufficient.

*Quære,* as to what is the extent of the power given to the court by section 1229 of the Code of Civil Procedure, where judgment in an action for divorce is applied for upon the report of the referee and the testimony taken upon the trial.

APPEAL by the plaintiff from an order denying a motion to confirm the report of a referee, and for a judgment thereon in an action for divorce upon the ground of adultery.

*G. A. Forbes,* for the appellant.

*Pratt, Brown & Garfield,* for the respondent.

LEARNED, P. J.:

The learned justice from whose order an appeal is taken, in a very careful and able opinion, has shown clearly, that when issues are joined in an action for a divorce and, by the consent of parties, the court, in its discretion grants a reference, this is a reference to hear

and decide the issues, and is not merely a reference to take evidence and report the same with his opinion. With that conclusion we fully agree.* When issues are joined they are to be *tried*, not merely *reported* upon. Probably no doubt would have ever arisen on a question so plain if it had not been for the provision of the Supreme Court Rule 73, since embodied in section 1229 Code Civil Procedure. In other cases than that of an action for divorce, the report of the referee, on the trial of issues, stands as the decision of the court and entitles the successful party to judgment. (Sec. 1228.) But this is not so in actions for divorce. Although the referee has tried the issues and passed upon them and reported, yet his report and the testimony must be presented to the court, and judgment must be rendered by the court. (Sec. 1229.) The reason of this provision is that, in matters of divorce, the public have an interest. Married parties are not to be permitted by any collusion between themselves to obtain a judgment of divorce. It is the right and duty of the State, acting through its courts, to see that no divorce is

---

*FOLLETT, J.:

The Code of Civil Procedure provides five modes for the trial of issues joined by the pleadings in an action:

1. Issues of fact by a jury.

2. All issues by the court,

3. All issues by a referee.

4. Part of the issues of fact by a jury, and the remainder of the issues by the court, or by a referee.

5. Part of the issues by a referee and the remainder of the issues by the court. (Code Civil Proc., §§ 968 to 972, and §§ 1008 to 1014; *Barnes* v. *West*, 16 Hun, 68.)

Under this Code any or all of the issues arising in an action may by agreement be tried before a referee, except in matrimonial actions, certain actions against corporations, and actions affecting the interests of infant defendants, in which excepted actions the court may grant or refuse a reference; and if granted the court must designate the referee. (Code Civil Proc., §§ 1011, 1012.)

Undoubtedly, one or more of several issues, joined by the pleadings, in matrimonial actions may, with the approval of the court, be referred to a referee to hear and determine, and the remaining issues may be brought to trial before the court, with or without a jury, as the case may require. But I am unable to find any authority in this Code for referring issues arising on the pleadings in matrimonial actions to a referee to take evidence and report with his opinion, and for the court, upon this evidence and opinion so reported, to grant a divorce.

Section 1229 of this Code provides: That judgments in matrimonial actions cannot be taken — of course — upon a referee's report, but the testimony and proceedings must be certified to the court by the referee with his report and

granted, unless there be real and not collusive ground therefor. Hence it is required that after a trial of the issues before a referee, not merely his report, but the whole testimony, shall be presented to the court for its action.

By reason then of this provision, which was first in the rules and is now in the Code, practitioners seem to have thought that, as the report of the referee, after issue joined and also the testimony taken before him were to be presented to the court, the reference was such as is granted under section 1215 or section 1757 second sentence.

The learned justice whose order is appealed from was of the opinion that the order of reference granted in this action, and under which the parties had proceeded and the referee had reported, was not one which was authorized. He therefore set aside the order and all proceedings under it.

In his opinion, stating the facts, he says that the referee reported the evidence with an opinion that the plaintiff is entitled to a divorce but did not pass upon any of the issues raised by the pleadings.

judgment rendered by the court. ."His report," is the referee's decision upon the issues tried before him. (Code Civil Proc., §§ 1019, 1021, 1022, 1228.)

Under this Code it has been twice held (*Anonymous*, 3 Abb. N. C., 161; *Schroeter* v. *Schroeter*, 23 Hun, 230.) that upon a reference to hear and determine an action for a divorce, the court cannot set aside the referee's report and direct a judgment in favor of the party against whom the referee reported.

The referee must determine the issues referred to him, after which the court may grant or refuse the judgment directed by the report; from this decision an appeal may be taken by the aggrieved party. In *Meyer* v. *Meyer* (7 N. Y., Weekly Dig., 535) the reference was to take evidence and report it with the referee's opinion. The referee reported in favor of the plaintiff, but the Special Term set aside the report and ordered judgment for the defendant. The General Term reversed the judgment and set the case back for trial before the referee, to the end that findings of fact and conclusions of law might be made. In *Sparrowhawk* v. *Sparrowhawk* (11 Hun, 528) the terms of the order of reference are not disclosed.

The foregoing are all the cases under the present Code bearing upon the question, to which my attention has been called.

The Court of Chancery was without power to take evidence before a master or an examiner in an action for divorce, or in an action to annul a marriage, where issues were joined, and grant a judgment of divorce, or a judgment annulling the marriage contract upon evidence so taken. (2 R. S., 145, § 40; 175, § 45; *Whale* v. *Whale*, 1 Code Rep., 115; *Forest* v. *Forest*, 6 Duer., 102; S. C., 3 Abb., 144; 2 Barb. Ch. Pr., 259.)

In one case (*Van Epps* v. *Van Epps*, 6 Barb., 320) after verdict and on a

The part of the order important to this point is as follows: "Ordered, that this action be and the same is hereby referred to * * * to hear the same and all the issues therein and to report to this court." The complaint was in the usual form and alleged adultery with a person named. The answer was a general denial.

The referee's report finds several facts, viz.: The marriage; the adulterous intercourse; the absence of privity, etc., and of voluntary cohabitation; that five years have not elapsed, etc.; that no action has been commenced by defendant, etc. As a conclusion of law the referee finds that plaintiff is entitled to the judgment demanded, with costs. It seems to us then that the referee did pass on the issues and that he did not merely report the evidence.

Now, as we judge from the argument of the respondent, it is claimed that this order of reference is not a reference to try the issues because it does not contain the words "determine" or "decide." If we look at the language of section 1011, which (as modified by section 1012) is that under which this reference is made,

motion for a new trial, a reference was ordered to a master to take and report further evidence — evidence so taken was with the same effect as though taken before the chancellor on application for a judgment.

The Code of 1848 provided the same modes as are provided by the present Code for the trial of issues arising upon the pleadings in actions. (Old Code, §§ 253, 254, 271.)

Under the old Code it was many times held, that in an action for a divorce, a reference of the issues arising upon the pleadings should be to hear and determine. (*Whale* v. *Whale*, Spl. Term, 1848, 1 Code Rep., 115; *Lincoln* v. *Lincoln*, Superior Ct., Spl. Term, 1866, 6 Robt., 525; *Waterman* v. *Waterman*, Spl. Term, 1868, 37 How., 36; *Merrill* v. *Merrill*, Superior Ct., Spl. Term, 1871, 11 Abb. [N. S.], 74; *Price* v. *Price*, Gen'l. Term, 1871, 9 Abb. [N. S.], 291; *Sullivan* v. *Sullivan*, Superior Ct., Spl. Term, 1877, 9 J. & S., 519; S. C., 52 How., 453; *Harding* v. *Harding*, Superior Ct., Gen'l. Term, 1877, 11 J. & S., 27; S. C., 53 How., 238; *Harper* v. *Harper*, Superior Ct., Spl. Term, 1877, 5 N. Y. W. Dig., 460.)

In *Simmons* v. *Simmons* (Superior Ct., Spl. Term, 1864, 3 Robt., 642), it was held that a reference to hear and determine, was improper, and that the stipulation should have been for a reference to report the evidence with the opinion of the referee. The report of this case does not show that issues had been joined, but it appears (2 Robt., 712) that a month before the defendant was in default, and there is nothing to show that at the time of the proposed reference he had answered. If the defendant was in default there was no issues to be determined, and, of course, the stipulation that the referee might hear and determine was irregular.

we find that the language is that "the whole issues or any of the issues must be referred, etc. It does not seem to have been thought necessary to add the words "to decide" or "to determine" however wise it may be to express them in the order. The section speaks of referring the issues; and that language seems to have been thought full enough to imply that the referee was to try the issues thus referred and decide them.

Now this order refers the action "to hear the same and all the issues therein." If this had been an action for assault and battery, or on a contract, and a similar order had been entered, would any doubt have been entertained that it was sufficiently formal to justify the referee in trying the issues? Especially after he had actually tried such issues and reported upon them.

The referee on this trial upon objection taken, held that the order was "to hear and determine." He therefore acted as if the issues had been referred to him.

It is not necessary to cite the cases referred to by the respond-

---

The only case which seems to support the legality of a reference to report the evidence with the opinion of the referee in an action for a divorce, where issues were joined by the pleadings, arose under the old Code. In *Pollock* v. *Pollock* (71 N. Y., 137) such a reference was had, and the referee reported the evidence, with an opinion that the defendant was, and the plaintiff was not guilty of adultery. The Special Term refused to follow the opinion, found the plaintiff guilty of adultery and dismissed the complaint, which was affirmed by the General Term. The Court of Appeals reversed the judgment and ordered a new trial, but without discussing the regularity of the reference.

It is urged that the parties having appeared before the referee and taken the evidence and his opinion without objection, neither can now object to this mode of trial, in support of which proposition *Lincoln* v. *Lincoln* (*supra*), is cited.

In *Merrill* v. *Merrill* (*supra*) it was held that the evidence and opinion reported by a referee under an order not authorizing him to hear and determine was a mistrial, and that the judgment could not be rendered upon the evidence and opinion so reported. In *Sullivan* v. *Sullivan* (*supra*) the reference was to take proof of the material facts set forth in the pleadings, and report the same to the court with the opinion of the referee. The referee reported in favor of the plaintiff but the court refused judgment upon the ground that the reference was irregular and unauthorized. But it does not appear that the defendant actually appeared before the referee.

In *Harper* v. *Harper* (*supra*) an order was entered upon the stipulation of the parties, referring the case to a referee to report the evidence with his opinion, but afterwards on defendant's motion, the order was set aside as irregular.

The power of parties to try causes before referees by mutual agreement, and

ent's counsel. Many of them uphold the doctrine which we have just laid down, that where issues are joined the reference must be to try the issues. But it will be found that in those cases where the orders of reference have been held irregular they have been orders to take proof and report the same to the court with the referee's opinion. The present is no such order. But it is an order of reference to hear the action and all the issues. Further, the order twice speaks of the trial of the action, and says nothing of the referees returning the evidence with his opinion.

We are, therefore, of the opinion, as was held by the learned justice, that in such a case as this the reference should be a reference of the issues, that is for trial and decision ; that to avoid all doubt it is better to use, as in other orders of reference, the additional words, " to hear and decide," or words to that effect. But we are compelled to differ from the learned justice as to the order

---

the power of courts to authorize or permit causes to be so tried, is derived solely from statute. The power does not exist at common law.

Prior to chapter 163, Laws of 1845, courts were without power to try actions before referees, though the parties agreed to that mode of trial; except in actions involving long accounts. (2 Van Schaack, 517; 2 Jones & Varrick, 270; 1 Rev. Laws [1801], 347; Id. [1813], 516; 2 R. S., 384, chap. 499, Laws 1836.)

Under these statutes it was repeatedly held that references by agreement of the parties, of actions not involving long accounts, amounted to an agreement to arbitrate, and effected a discontinuance of the action. (*Stevenson* v. *Beecker*, 1 Johns., 492; *Camp* v. *Root*, 18 id., 22; *Rathbone* v. *Lownsbury*, 2 Wend., 595; *Dedericks Adm'rs.* v. *Richley*, 19 id., 108; Id., 2 Hill, 271.)

In *Yates* v. *Russell* (17 Johns., 461) it was agreed the action should be tried before three referees, that judgment should be entered for the amount reported ; and it was held that the agreement amounted to a plea of confession for that amount. (*Camp* v. *Root, supra*.) It was also held (*Dodge* v. *Waterbury*, 8 Cow., 136; *Jones* v. *Cuyler*, 16 Barb., 576), that a reference of referable actions contrary to the provisions of the statute, produced an arbitration and a discontinuance of the action.

It is also urged that the action can be tried before the court and decided by it on the evidence reported.

It was said in *Waterman* v. *Waterman* (*supra*) that the system inaugurated by section 10, article 6, of the Constitution of 1846, does away with the former practice of taking evidence in equity cases before an examiner, and not in the presence of the tribunal deciding the issues, and that it is only in cases where no issues are joined, or where only some interlocutory question is involved, that a referee is permitted by the Code to take and report evidence. This constitutional provision is not contained in the amended Constitution, but the old practice has not been restored by statute, or sanctioned by any well considered case.

in question; and we hold that it was a reference of the issues for the trial of the same, and that the same have been tried by the referee and decided by him.

On this appeal we are not called upon to express any opinion as to the extent of power given to the court by section 1229, when judgment is applied for upon the report and the testimony after trial. The fact that the testimony is to be certified to the court would seem to indicate that the court was to consider it, and that the judgment was not to be granted by the court, as a matter of course, upon the report of the referee. But that question is not before us now.

For the reason above given, the order is reversed, with ten dollars costs and printing disbursements, and the plaintiff may apply for judgment as she may be advised according to law.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

It was said in *Whale v. Whale* (*supra*) that before the Code, in actions for divorce, the court was without power to order a reference to take evidence and report to the court; and to permit it to be done under the Code would be restoring the old system of taking evidence before an examiner, which is expressly abolished, and applying it to a class of cases in which, under the old system, it never was allowed.

The evidence was not taken conditionally under the provision of the Code, and to so regard it would be an unauthorized fiction. None of the conditions existed which are necessary to authorize evidence to be so taken, and no order for that purpose has been granted, under the authorities cited, and for the reasons given I am of the opinion that the court is without power to grant a judgment of divorce upon the evidence and opinion of referee, taken and reported pursuant to an order entered upon the mutual stipulation of the parties, and notwithstanding the fact that the parties appeared before the referee and put in their evidence without objection.

In rendering judgment in actions for divorce it should be borne in mind that the courts are without power to grant divorces, except for the causes, and in the modes prescribed by the statute. (*Peugnet* v. *Phelps*, 48 Barb., 566; *Blott* v. *Rider*, 48 How., 90; *Sullivan* v. *Sullivan, supra*.)

The proceedings had in this case have not effected an arbitration and discontinuance of the actions, because the parties have not stipulated to have the issues *heard* and *determined* in a mode not sanctioned by the statute. They have not arbitrated their issues, but agreed to have the evidence taken and submitted to the court.

The motion for a judgment for a divorce is denied, and the stipulation and order of reference entered thereon, are set aside.

Order reversed, with ten dollars costs and printing disbursements, and plaintiff may apply for judgment as she may be advised according to law.