## (March 7, 1961)

■  LUCILLE M. FERGUSON, Individually and as Receiver of the Personal Property and Rents, Income and Profits of the Real Property of JOSEPH B. FERGUSON, Plaintiff, v. 444 WEST 55TH STREET CORPORATION et al., Defendants, PAUL WOLFE, Appellant; JOSEPH F. FERGUSON, SR., Respondent.   (And three other actions.) — Judgment, so far as appealed from, reversed on the law, on the facts and in the exercise of discretion, without costs to either party, and application remitted to Trial Term for fixation of appellant's fee if any is due.   Appellant was a party in one of the actions and also attorney for the respondent who was a party in the four actions involved.   When the first case appeared for trial settlement negotiations were entered into.   These resulted in bringing all four actions to the attention of the court and all four were settled pursuant to a written stipulation.   One of the terms of that stipulation was that the court should fix appellant's fee for services on affidavits to be submitted to him.   Upon the submission he disclaimed any authority to fix the fee.   No reference was made to the stipulation.   Respondent does not rely on any lack of authority but takes the position that any fee that might have been earned had already been paid through the medium of an annual retainer.   We believe that the court should have fixed the fee, if any is in fact due.   There is no difficulty with parties contracting for a reasonable fee and where such an instance is before the court the matter is determined as a matter of course. It is true that this application came before the court in an unorthodox way and the court would have been well justified, had he seen fit, to refuse to entertain the application and relegated the parties to a formal action.   But once the stipulation was approved and entered as a judgment, as it was, jurisdiction was complete and the method of trial established.   Concur — Rabin, J. P., McNally and Steuer, JJ.; Valente and Bastow, JJ., dissent and vote to affirm in the following memorandum by Valente, J.: I dissent and would affirm.   The judgment, insofar as appealed from, denies the application by appellant for counsel fees, without prejudice.   The opinion of the learned Official Referee states: "While I have the power to fix the fees of counsel for the receiver in the creditor's action, I know of no principle of law which authorizes me to fix the fees of attorneys for parties other than the receiver".   In a proper case where the court would ordinarily fix fees of counsel, parties by stipulation can confer upon the Supreme Court jurisdiction to assess attorneys' fees, e.g., in a stockholder's action.   (See *Banbury* v. *Rubinstein,* 271 App. Div. 322, affd. 297 N. Y. 510.)   Generally, however, the determination of the matter of fees between attorney and client should be left to plenary action unless the rules and statutes specifically afford other remedies.   Thus, the compensation of an attorney may be fixed on an application under rule 56 of the Rules of Civil Practice where a substitution of attorneys is sought.   So, too, under section 231-a of the Surrogate's Court Act an application may be made to fix attorneys' fees.   Where an attorney has a statutory or charging lien, he may proceed under section 475 of the Judiciary Law for a determination that he has a lien for a certain sum, the collection of which can be enforced in the manner provided in section 1520 of the Civil Practice Act as a direction to pay a sum of money.   But there is no provision in law by which the attorney and client can foist upon the Supreme Court, pursuant to stipulation, the duty to dispose of the matter of counsel fees in a summary fashion.   That was what was attempted

here, and the learned Referee properly refused to assume jurisdiction. Since there is no provision in our statutes for submission by a stipulation of a controversy regarding the compensation of an attorney, the stipulation herein amounted to no more than an agreement to have the Referee arbitrate the matter. This is particularly so since the parties agreed to make the Referee's decision final and waived the right to appeal. Such an agreement to have the Referee arbitrate the dispute would be invalid. (*Matter of Macfadden* v. *Benvenga*, 264 App. Div. 919, affd. 290 N. Y. 568.) The rejection by the Referee of the proffer to have him decide the matter of counsel fees between appellant and his clients—even though ostensibly based on lack of any authority for him to do so—nevertheless constituted an exercise of discretion. Considering the violent objections of the client, who charged overreaching in connection with the execution of the stipulation in regard to counsel fees, the refusal to adjudicate with finality — since no appeal was permitted — was a wise exercise of discretion under the circumstances. A plenary suit, to which the Referee relegated the parties, was the obvious and fair method to determine the issues. Hence, I would affirm the judgment both as a valid rejection of jurisdiction and, even if there had been discretion, as a proper exercise of such discretion. I would add that since the stipulation expressly waives the right to appeal from the Referee's decision — a waiver which evidently is enforcible (*Jacobson* v. *Jacobson*, 216 N. Y. 707; *Townsend* v. *Masterson Smith and Sinclair Stone Dressing Co.*, 15 N. Y. 587) — the adjudication denying the application was not appealable, particularly since it was at least susceptible of the interpretation that it constituted an exercise of discretion.